UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUIS ANGULO, on behalf of himself and      08 CV 4329 (RJS)
others similarly situated,

                 Plaintiff,                          **ANSWER**

     -against-

226 THIRD AVENUE RESTAURANT CORP.,

                 **Defendant.**
------------------------------------------------------------X

        Defendant, 226 Third Avenue Restaurant Corp., by its attorneys, **FRANKLIN, GRINGER & COHEN, P.C.**, as and for its answer to the Complaint, alleges as follows:

     1.      Defendant denies the allegations contained in Paragraph 1.

     2.      Defendant denies the allegations contained in Paragraph 2.

     3.      The third paragraph of the Complaint sets forth jurisdictional invocations that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

     4.      The fourth paragraph of the Complaint sets forth venue invocations that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

     5.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5.

     6.      Defendant admits the allegations contained in Paragraph 6.

     7.      Defendant denies the allegations contained in Paragraph 7 except admits Plaintiff

was employed by Defendant in New York County, New York.

8. The eighth paragraph of the Complaint sets forth legal conclusions that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12 except admits Plaintiff was employed by Defendant.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15.

16. As to paragraph 16 of the Complaint, Defendant repeats and realleges its answers to each and every allegation contained in paragraphs 1 to 15 of the Complaint as if fully set forth herein.

17. The seventeenth paragraph of the Complaint sets forth legal conclusions that Defendant is not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

18. Defendant admits the allegations contained in Paragraph 18.

19. Defendant admits the allegations contained in Paragraph 19.

20. Defendant admits the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. As to paragraph 29 of the Complaint, Defendant repeats and realleges its answers to each and every allegation contained in paragraphs 1 to 28 of the Complaint as if fully set forth herein.

30. Defendant admits the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The Complaint fails to state any claims by Plaintiff against Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. Defendant did not engage in willful conduct in violation of the FLSA and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the FLSA. Accordingly, pursuant to the FLSA, Plaintiff's statute of limitations is two years.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. Plaintiff is not entitled to liquidated damages because Defendant acted in good faith and had reason to believe its actions and/or omissions did not willfully violate federal law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. Defendant did not engage in willful conduct in violation of the New York State Labor Law and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the New York Labor Law. Accordingly, Plaintiff is not entitled to recover an award for liquidated damages for willful conduct pursuant to Labor Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. Plaintiff cannot proceed simultaneously as a class action pursuant to the FLSA and a class action pursuant to state law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39. Plaintiff is not a suitable representative for the purported class.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

Dated:   Garden City, New York
         June 13, 2008

                               Respectfully submitted,

                               By:   /s_____
                                     Joshua Marcus, Esq. (JM 4250)
                                     **FRANKLIN, GRINGER & COHEN, P.C.**
                                     *Attorneys for Defendant*
                                     666 Old Country Road, Suite 202
                                     Garden City, NY 11530-2013

To:   Robert L. Kraselnik, Esq.
      Law offices of Robert L. Kraselnik
      *Attorneys for Plaintiff*
      40 Wall Street, 28th Floor
      New York, NY 10005
      (212) 400-7160